NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>    Petitioner,<br><br>  vs.<br><br>DEPARTMENT OF CORRECTION,<br><br>    Respondent. | No. C 04-1194 JW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging discipline he received in prison, which discipline resulted in the loss of good time credits. The Court ordered respondent to show cause why the petition should not be granted as to two claims in the petition.[1] Respondent filed an answer and petitioner filed a traverse.

**STATEMENT**

In January 15, 2003, while incarcerated at Salinas Valley State prison, Petitioner was found by staff to be drinking "pruno" (inmate manufactured alcohol). When told to leave the cell, petitioner picked up a cup and drank the liquid at a very fast rate. Staff found a container of pruno, as well as ingredients for making it in the cell. Petitioner was issued a CDC Form 115 Rules Violation Report ("RVR") charging him with "possession or manufacture of alcohol" in violation of 15 Cal. Code Regs. § 3016(a).

---

[1] A third claim was dismissed without prejudice.

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\7.31.2007\04-01194 Garrett01194_deny.wpd

1    At the time of the offense, petitioner was a participant in the prison's Enhanced
2 Outpatient Program ("EOP") for inmates with mental illness. On January 22, 2003, seven
3 days later, his level of care was reduced to the Correctional Clinical Case Management
4 System ("CCCMS") level. At the time his hearing on the disciplinary charges was held,
5 on February 19, 2003, plaintiff was at the CCCMS level of care.

6    Prior to the hearing, petitioner was provided with notice of the hearing and the
7 charges against him. Petitioner pled not guilty, but based on the evidence presented,
8 including the RVR and verification of the liquid as alcohol by prison personnel, he was
9 found guilty and assessed a 120-day forfeiture of good time credits. No staff assistant
10 was assigned to petitioner at the hearing. The hearing officer found no indication that
11 petitioner "exhibited any bizarre behavior that would raise concerns about his mental
12 health" at the time of the offense. (Resp. Ex. B at 2.) The hearing officer further noted
13 that at the time of the hearing, petitioner was able to present a coherent defense and did
14 not demonstrate any "strange, bizarre or irrational behavior." (Id.) Petitioner did not
15 request any witnesses at the hearing.

16    Petitioner filed unsuccessful state habeas petitions in the state appellate court and
17 state supreme court challenging the discipline. Petitioner thereafter filed the instant
18 federal habeas petition on March 25, 2004.

## DISCUSSION

### A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A claim which, if successful, would result in the restoration of time credits is properly brought in habeas because success on such claim could result in the inmate's earlier release from prison.

### B.   Petitioner's Claims

1.   Due Process Claim

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\7.31.2007\04-01194 Garrett01194_deny.wpd

Petitioner claims the prison failed to provide him with a staff assistant to help him in his disciplinary action in violation of his right to due process.

Due process requires five procedural protections in connection with prison discipline that results in the forfeiture of time credits. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).[2]  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." <u>Id.</u> at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." <u>Id.</u>  Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." <u>Id.</u> (quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." <u>Id.</u> at 566.  The record reveals, and petitioner does not dispute, that he received written notice of the charges well over 24 hours prior to the hearing, that there was a written statement as to the findings and reasoning of the disciplinary decision, and that petitioner was permitted, but chose not to, call witnesses and present documentary evidence.  Consequently, the above four due process requirements were met.

Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." <u>Wolff</u>, 418 U.S. at 570.  There is no indication or allegation that petitioner was illiterate, and the record, as well as petitioner's filings in the

---

[2] To the extent there may be any additional procedures provided under state law, the Due Process Clause only requires that prisoners be afforded those procedures mandated by <u>Wolff</u> and its progeny; it does not require that prisons comply with its own, more generous procedures.  <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

instant case, that petitioner is very much literate. Secondly, the issues at the hearing was exceedingly simple: did petitioner have pruno. The record clearly indicates petitioner understood the charges because he told an investigator that he did not drink pruno, and at the hearing he said he thought it was juice and that he thought "I don't think you can be charged if it is all gone. Right?"

There is no due process right to a staff assistant at a disciplinary hearing, even if the inmate has mental illness. Rather, the only requirement is that petitioner be able to understand the case. There is no evidence that petitioner's mental illness prevented him from understanding the case. At the time of the hearing, petitioner's level of care had been reduced from the EOP level to the CCCMS level. There was no bizarre behavior during the incident or at the hearing that indicated mental health problems or an inability to understand the charges. Petitioner presented a coherent defense at the hearing. An assessment risk form by a psychiatrist was filled out indicating petitioner would benefit from staff assistance. However, this form was filled out when petitioner was in the EOP program; by the time the hearing took place, petitioner had been reduced to the CCCMS level by prison mental health professionals. Petitioner asserts that a psychiatrist opined that petitioner was subject to auditory hallucinations. The allegation of such hallucinations was made by petitioner himself in his request for an assessment; no psychiatric professional made any finding that petitioner was subject to such hallucinations. In sum, the record indicates petitioner was not illiterate, the issues at the hearing were not complex, and petitioner able to comprehend them adequately. Consequently, due process did not require the presence of staff assistance at the hearing.

Additionally, the revocation of good-time credits does not comport with the minimum requirements of procedural due process in Wolff unless the findings of the prison disciplinary board are supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. See id. at 455. An examination of the entire record is not required nor

is an independent assessment of the credibility of witnesses or weighing of the evidence. See id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See id. The Ninth Circuit additionally has held that there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987). Here, the evidence of guilt consisted of two detailed statements by correctional officers who witnessed petitioner drinking the pruno, and subsequent verification that the liquid was alcohol. Petitioner does not assert, and there is no indication, that this evidence was not sufficiently reliable to satisfy the requirements of due process.

Because the procedural protections set forth in Wolff were met in this case, and the discipline was supported by "some evidence," there was no violation of petitioner's right to due process. Accordingly, petitioner is not entitled to habeas relief on this claim.

2.     Eighth Amendment

Petitioner claims his loss of 120 days of time credits amounts to cruel and unusual punishment because he was punished for his mental illness. There is no indication in the record that petitioner was punished for his mental illness, as opposed to for violating prison rules against inmates possessing alcohol. As described above, there was ample evidence to indicate that petitioner had possessed pruno. Pursuant to 15 Cal. Code Regs. § 3323(2), the punishment petitioner received was within the allowable range for his offense. Accordingly, petitioner is not entitled to habeas relief on this claim.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Any pending motions are terminated.

DATED:   July 26 2007

JAMES WARE
United States District Judge